IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHARLA K. MCKINNEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19-00503-CV-W-WBG ) |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

# ORDER

Pending is Plaintiff Sharla K. McKinney's Motion for Attorney Fees. Doc. 27. For the following reasons, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

In 2016, Plaintiff protectively applied for disability insurance benefits. R. at 271-77. After her application was denied, she requested a hearing before an administrative law judge ("ALJ"). R. at 202-06, 210-13. The ALJ conducted a hearing, after which he issued a decision finding Plaintiff is not disabled. *Id*. at 11-22, 143-86. Plaintiff unsuccessfully appealed to the Social Security Administration's ("SSA") Appeals Council. R. at 1-7, 265-70.

In 2019, Plaintiff appealed to this Court. Doc. 1. In March 2020, the Court reversed the final decision of the Commissioner of Social Security denying Plaintiff benefits and remanded the matter for further proceedings. Doc. 17. In June 2020, the Court granted Plaintiff's application for attorney's fees in the amount of $8,377.76 pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 26. Of that amount, $4,159.10 was applied to a debt Plaintiff owed to the Army & Air Force Exchange Service. Doc. 27 at 2; Doc. 27-5.

Upon remand, the SSA determined Plaintiff was entitled to more than $66,000.00 in retroactive benefits. *See* Doc. 27 at 1. Pursuant to 42 U.S.C. § 406(a), the SSA awarded fees of $4,662.00 to Plaintiff's counsel for representing Plaintiff before the SSA. *See* Docs. 27-3, 33-1.

Pursuant to 42 U.S.C. § 406(b), Plaintiff now requests $12,793.50 for attorney's fees for counsel's work performed in this Court. Doc. 27. In addition, Plaintiff's counsel asks that the Court order him to reimburse $4,218.66, which is the amount approved under the EAJA less the amount applied to the debt owed, to Plaintiff. *Id*. at 3. Defendant does not object to the requested fees but notes Plaintiff's counsel should refund to Plaintiff the lesser of the fees awarded under EAJA or section 406(b). Doc. 31.

On August 3, 2023, the Court directed Plaintiff to file a supplemental brief addressing the differing amounts of attorney's fees withheld by the SSA, and the SSA's reference to counsel petitioning for fees from the United States District Court for the Eastern District of California. *Id*. at 2. On August 8, 2023, Plaintiff filed a supplemental brief. Doc. 33. Plaintiff's counsel explains the SSA withheld $12,793.50 from past due benefits for attorney's fees. *Id*. at 1.[1] He also represents this matter has only been litigated in this Court, and nothing was litigated in the Eastern District of California. *Id*. at 3. On August 11, 2023, Defendant responded to Plaintiff's supplemental brief. Doc. 34. Defense counsel explained the differing amounts of attorney's fees withheld by the SSA:

> Counsel for the Commissioner understands Docket 27-2 to mean that 25% of past-due benefits is $17,455.50, which is $12,793.50 + $4,662.00. This notice includes past-due benefits awarded to both Plaintiff and family members who became entitled to benefits on Plaintiff's record. In contrast, an earlier Notice of Award dated August 28, 2021, includes only past-due benefits awarded to Plaintiff, so the 25% amount described ($13,973.25) is necessarily lower.

---

[1] Plaintiff, however, did not address the $13,973.25 withheld by the SSA, which the Court referenced in its Order.

*Id.* at 1 (citation omitted). Like Plaintiff, Defendant represents this matter has not been litigated in the Eastern District of California. *Id.* at 1-2.

## II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

When a court issues a judgment in favor of a social security benefit claimant represented by counsel, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A).

The twenty-five percent statutory maximum is not an automatic entitlement, and the court must ensure the requested fee is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). When evaluating the reasonableness of a fee, "the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08). Furthermore, where a plaintiff was previously awarded fees under the EAJA, counsel must offset any 42 U.S.C. § 406(b) fee award by refunding the smaller fee. *Gisbrecht*, 535 U.S. at 796.

## III. DISCUSSION

Plaintiff's counsel seeks fees in the amount of $12,793.50. Doc. 31. According to the parties, this amount is the balance remaining of twenty-five percent of Plaintiff's past-due benefits. *See* Docs. 27-3, 33, 34. As an initial matter, Plaintiff's agreement to pay Harlan, Still & Koch twenty-five percent of the total past-due benefits (Doc. 27-1) does not exceed the statutory maximum. *See* 42 U.S.C. § 406(b)(1)(A).

The Court must next consider whether the fee claimed is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The Court notes Plaintiff's counsel ultimately achieved optimal results for his client. He successfully argued for and obtained a reversal and remand from this Court. Then, the SSA found Plaintiff was entitled to past due benefits of more than $66,000.00. *See* Docs. 27, 27-2. As such, the quality of the representation from Harlan, Still & Koch gives the Court no reason to reduce the requested fee amount. Likewise, the record does not suggest any unreasonable delay due to Plaintiff's counsel.[2] Accordingly, the Court does not impose a reduction for delay.

Finally, the requested fees are not excessive relative to the work counsel performed before this Court. To measure whether counsel's fee is proportional to the time spent working, this Court has compared the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate counsel might receive on a non-contingent basis. *See, e.g.*, *Green v. Kijakazi*, No. 21-00397-CV-W-RK, 2023 WL 1928297, at *2-3 (W.D. Mo. Feb. 10, 2023); *Grohusky v. Kijakazi*, No. 19-00571-CV-W-WJE, 2022 WL 2513363, at *2 (W.D. Mo. July 5, 2022).

---

[2] The Notice of Award was issued in August 2021. Doc. 27-3. However, it was not until December 2022 that the SSA authorized $4,662.00 in attorney's fees for Plaintiff's counsel's services provided before the SSA. Doc. 33-1. Plaintiff's counsel did not receive the December 2022 SSA authorization. Doc. 33 at 1-3. He represents that between January 2023 and April 2023, he and his office received incorrect information about the progress of his authorization request. *Id.* In late April 2023, the SSA informed counsel via letter that it was withholding $12,793.50 from Plaintiff's past-due benefits. Doc. 27-3. In response thereto, Plaintiff's counsel informed the SSA that he was awaiting approval of a fee petition he filed in September 2021, and once that petition was determined, he would assess whether to file a fee petition for time spent representing Plaintiff in this Court. Doc. 33-2. On June 12, 2023, Plaintiff's counsel was informed that the fee application had been approved in December 2022. Doc. 33 at 2. On July 11, 2023, he filed the pending motion for attorney's fees. Doc. 27. Plaintiff's counsel did not receive a copy of the December 2022 fee authorization until August 8, 2023 – nearly one month after he filed the pending motion. Doc. 33 at 1. Defendant neither contests Plaintiff's counsel's representation of events nor contends the motion for fees was unreasonably delayed. *See* Doc. 31.

Here, Plaintiff's counsel claims 37.6 hours of work litigating the matter in this Court. Doc. 27-4. Dividing the total requested fee amount by the number of hours worked, the hourly rate is approximately $340 ($12,793.50 ÷ 37.6 = $340.25). If the hourly rate is then divided by 2.8 to account for the likelihood of success, the equivalent hourly rate is $121.52. This amount is less than the EAJA's statutory hourly rate of $125.00. 28 U.S.C. § 2412(d)(2)(A).[3] Thus, the equivalent hourly rate requested here is not excessive, and the Court will not reduce the requested fee as disproportional.

## IV. CONCLUSION

Upon careful consideration of the *Gisbrecht* factors and the contingent nature of the fee agreement, the Court concludes the requested fees are reasonable. Therefore, the Court **GRANTS** Plaintiff's Motion to Approve Attorney's Fees (Doc. 27). Pursuant to 42 U.S.C. § 406(b), the Court awards attorney's fees in the amount of $12,793.50 to Plaintiff's counsel. Plaintiff's counsel shall refund Plaintiff the amount of $4,218.66, which is the fee previously approved under the EAJA less the amount applied to the debt Plaintiff owed.[4]

**IT IS SO ORDERED.**

DATE: August 15, 2023　　　　　　　　　　　　　/s/ W. Brian Gaddy
　　　　　　　　　　　　　　　　　　　　　　　W. BRIAN GADDY
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] In 1996, the EAJA hourly rate was set at $125. 28 U.S.C. § 2412(d)(2)(A). But the rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees" more than the statutory ceiling. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). The United States Department of Labor's Consumer Price Index has been utilized to award an hourly rate exceeding the statutory maximum. *See id.*; *see also Ryan v. Kijakazi*, No. 22-04063-CV-C-MDH, 2023 WL 2719471, at *1 (W.D. Mo. Mar. 30, 2023). The Consumer Price Index adjusted EAJA hourly rate for 2018 was $202.34. *See Nida v. Saul*, No. 17-06149-CV-SJ-SWH, 2020 WL 5648206, at *2 (W.D. Mo. Sept. 22, 2020). Plaintiff's counsel's requested hourly rate is significantly less than the 2018 hourly rate.

[4] As noted above, the Court awarded $8,377.76 in fees pursuant to the EAJA. Doc. 26. Of that amount, $4,159.10 was applied to a debt Plaintiff owed to the Army & Air Force Exchange Service. Doc. 27 at 2; Doc. 27-5.